# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES of AMERICA** | ) | |
| | ) | **Hon. Blanche M. Manning** |
| v. | ) | |
| | ) | **04 CR 325** |
| **MALCOLM BAKER** | ) | |

## MEMORANDUM AND ORDER

On September 28, 2004, a jury found Defendant Malcolm Baker guilty on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This matter comes before the Court on Baker's Motion For New Trial [64-1] and Motion For Judgment of Acquittal [65-1]. For the reasons set forth below and in open court on May 31, 2005, the Court DENIES these motions.

Federal Rule of Criminal Procedure 33 governs Baker's motion for a new trial. Rule 33 permits the Court to order a new trial "in the interests of justice." Unlike a motion for acquittal under Rule 29, which is discussed below, in ruling on a motion for a new trial under Rule 33, the court is not required to view the evidence in a light most favorable to the government. United States v. Washington, 184 F.3d 653, 657 (7th Cir. 1999); 58 Am. Jur. 2d New Trial §391(2001). Despite the more lenient standard, however, Rule 33 motions are nevertheless disfavored and courts generally should only grant in "the most extreme cases." United States v. Linwood, 142 F.3d 418, 422 (7th Cir. 1998). See also United States v. Kamel, 965 F.2d 484, 490 n.7 (7th Cir. 1992). The trial court "may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." Reed, 875 F.2d at 113. The court may only order a new trial if "the verdict is against the manifest weight of the evidence" and a guilty verdict would result in a "miscarriage of justice." Washington, 184 F.3d at 657.

Here, Baker puts forth two arguments that a new trial is necessary. First, he contends that this Court erred by denying him access to documents pertaining to the ownership history of the gun he was found to have possessed. According to Baker, he was denied a right to a fair trial because these documents "may have" contained Brady evidence or other favorable information which he could have presented at trial. Having reviewed *in camera* the documents in question, as set forth in open court at least twice, this Court again finds that the documents contained no exculpatory evidence. Instead, they simply concerned the "history, use and ownership of the gun" (i.e., documents detailing the original purchaser of the firearm).[1]

Baker also contends that this Court erred at the sentencing hearing in allowing the Government to "reopen" its case to present additional evidence that Baker was on parole at the time he was arrested with the gun.[2] As explained in this Court's prior minute orders (58-1, 62-1, and 63-1), this Court properly allowed the Government to "re-open" its case at the sentencing hearing and took judicial notice of IDOC records showing that Baker was on parole when arrested for the instant charge. See Denius v. Dunlap, 330 F.3d 919, 926 (7th Cir. 2003); Filipowicz v. American Stores Benefit Plans Com., 56 F.3d 807, 814 (7th Cir. 1995); United States v, Mojica-Baez, 229 F.3d 292, 299-300 (1st Cir. 2000).

Accordingly, this Court, in the exercise of its discretion, finds that Baker not having access to the above documents and this Court allowing the Government to "reopen" its case at

---

[1] The facts in this opinion are derived from the parties' submissions and the relevant trial testimony and exhibits.

[2] At sentencing, which occurred before the Supreme Court's decision in United States v. Booker, – U.S.–, 125 S. Ct. 738 (2005), because the Government sought to increase Booker's sentence for being on parole at the time of the offense, the Court held a mini-hearing on the issue.

2

the sentencing hearing did not result in a miscarriage of justice, and thus DENIES Baker's motion for a new trial.

Baker also seeks a judgment of acquittal on the grounds that the testimony of the police officers who testified against him at trial "was so replete with inconsistencies and lacking in credibility that no reasonable jury could have found Baker guilty based on it." Under Rule 29, a court may acquit a defendant on "one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." When reviewing a motion for judgment of acquittal pursuant to Rule 29, the Seventh Circuit mandates that the district court determine:

> whether at the time of the motion there was relevant evidence from which the jury could reasonably find [the defendant] guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government . . . bearing in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences.

United States v. Reed, 875 F.2d 107, 111 (7th Cir. 1989). In short, the court views all the evidence in the government's favor and is absolutely barred from second-guessing the jury's credibility determinations or findings of fact. Id. Instead, the court merely assesses the record to determine if all the admissible evidence supports the defendants' adjudication of guilt beyond a reasonable doubt. Id.

Here, after viewing the trial and carefully observing the testimony and the demeanor of the witnesses, this Court finds that the Government presented sufficient evidence for the jury to reasonably find beyond a reasonable doubt that Baker was a felon in possession of a firearm and therefore guilty of 18 U.S.C. § 922(g). While the testimony of the two police officers, which was the crux of the Government's case, did contain some inconsistencies, the jury, which is the

ultimate judge of credibility, was free to believe or discredit their testimony. This Court thus holds that there was sufficient evidence for the jury to reasonably find Baker guilty.

## CONCLUSION

For the foregoing reasons, this Court DENIES Defendant Malcolm Baker's Motion For New Trial [64-1] and Motion For Judgment of Acquittal [65-1].

**ENTER:**

*Blanche M. Manning*
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

**DATE: 7/7/05**